IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BIG DOG MOTORCYCLES, L.L.C, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | 04-2419-JWL |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| | ) | |
| BIG DOG HOLDINGS, INC. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Big Dog Motorcycles, L.L.C. ("Motorcycles") for its Complaint for Declaratory Judgment against defendant Big Dog Holdings, Inc. ("Holdings") states as follows:

**NATURE OF THE ACTION**

1. This controversy involves Motorcycles' use of the mark BIG DOG MOTORCYCLES in conjunction with its products and services. Motorcycles seeks a declaratory judgment that its use of the mark BIG DOG MOTORCYCLES does not infringe upon or otherwise interfere with the rights of Holdings.

**THE PARTIES**

2. Motorcycles is a limited liability company organized and existing under the laws of the State of Arizona with its principal place of business in Wichita, Kansas. Motorcycles manufactures and sells premium cruiser motorcycles, motorcycle parts and accessories under the brand name BIG DOG MOTORCYCLES. Motorcycles also sells promotional merchandise typically employed in the motorcycle industry to promote its motorcycle products and brand

name including apparel and collectibles. All of these products are sold exclusively through motorcycle dealers and via other motorcycle channels of trade.

3. Holdings is a Delaware corporation with its headquarters and principal place of business in Santa Barbara, California. Holdings manufactures and sells apparel and other consumer merchandise bearing its marks BIG DOGS and/or BIG DOG SPORTSWEAR in conjunction with depictions of a personified dog. Upon information and belief, these products are sold in department stores, BIG DOG SPORTSWEAR brand apparel stores, in BIG DOG SPORTSWEAR brand catalogs and on Holdings' Web site.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121 because the declaratory judgment claims arise under the Trademark Laws of the United States and more specifically under the Lanham Act of 1946 (15 U.S.C. § 1051 et seq.). This Court has jurisdiction over the declaratory judgment claims regarding unfair competition pursuant to 28 U.S.C. § 1338(b) because such claims are joined with the substantially related claims regarding trademark infringement. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because it is an action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest, attorneys' fees and costs.

5. Venue in this Court is proper under 28 U.S.C. § 1391(b) & (c) because Holdings is a corporate defendant that is subject to personal jurisdiction in this district, and therefore deemed to reside in this district and/or because a substantial part of the events or omissions giving rise to the claims in this Complaint occurred in this district.

6. This is an action for declaratory judgement under 28 U.S.C. §§ 2201 and 2202 for the purpose of determining a question of actual controversy between the parties as more fully described below.

7. Defendant Holdings is subject to personal jurisdiction in this Court because it is doing business in interstate commerce throughout the United States including within this judicial district.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### Plaintiff's Adoption And Use Of The Mark BIG DOG MOTORCYCLES

8. In 1993, Sheldon Coleman, the founder of Motorcycles, began customizing motorcycles for himself and a few friends in Wichita, Kansas. Initially, he worked out of his home, but as the volume of his customizing work increased, Mr. Coleman leased commercial garage space and incorporated his new enterprise as "Big Dog Custom Motorcycles Inc." Mr. Coleman adopted that name for his new enterprise because he had used the term "Big Dog" in conjunction with various other commercial and business interests over the years beginning in 1983 (prior to Holdings' use of the BIG DOGS mark). Big Dog Custom Motorcycles advertised its services through various promotional means including by selling t-shirts with the Big Dog Custom Motorcycles name printed thereon.

9. In 1994, Big Dog Custom Motorcycles built its first motorcycle "from scratch" in addition to performing its usual customizing work. By year end, the company had built and sold twelve motorcycles. Terrific customer feedback on the manufactured motorcycles prompted Mr. Coleman to shift the focus of the company from customizing to manufacturing. The company changed its name and corporate structure to Big Dog Motorcycles LLC and moved forward with expansion efforts. These efforts included developing a new logo incorporating the wording BIG

DOG MOTORCYCLES, establishing a network of retail dealers to distribute the motorcycles, developing promotional literature and establishing a Web site for promoting its motorcycles and brand. A sample of Motorcycles early promotional materials evidencing the manner in which the BIG DOG and BIG DOG MOTORCYCLES names were used is attached hereto as Exhibit 1.

10. Motorcycles sold it first motorcycle in Kansas in April of 1995 and had its first sale in interstate commerce in July of 1995. Motorcycles also began expanding its motorcycle product line to include motorcycle parts and accessories, and later began offering promotional t-shirts and caps incorporating the BIG DOG MOTORCYCLES logo. All of these products were sold exclusively and only through retail motorcycle dealerships, at Motorcycles' facility in Wichita, Kansas and via Motorcycles' Web site. Motorcycles also maintained a customization and service center in Wichita under the name BIG DOG SERVICE CENTER.

11. In 1995, Motorcycles also filed applications for trademark registration of the mark BIG DOG for use in conjunction with motorcycles and accessories (Serial No. 74/685,622), and for customization of motorcycles and a retail store featuring motorcycles, motorcycle parts and motorcycle accessories (Serial No. 74/698,908).

**Defendant's Allegations of Infringement**

12. On or about June 20, 1995, Holdings contacted Motorcycles and alleged that Motorcycles' distribution of apparel under the marks BIG DOG and BIG DOG MOTORCYCLES infringed upon Holdings' rights in the mark BIG DOGS. Holdings asserted in pertinent part that "while we do not at this time oppose your use of the name BIG DOG MOTORCYCLES for the sale of motorcycles, the use of the mark on T-shirts and any other apparel is an infringement of our marks."

13. At that time, Holdings was the record owner of various trademark registrations covering BIG DOGS and BIG DOG SPORTSWEAR, including Registration No. 1,459,306 for BIG DOGS for certain clothing, namely shorts, T-shirts, tops, shirts, ladies tank shirts, jackets, underwear, pullover shirts, sweat shirts, sweat pants and caps; Registration No. 1,842,765 for BIG DOGS for sunglasses, watches, gift wrap, backpacks, beach towels and the like; and Registration No. 1,798,361 for BIG DOG SPORTSWEAR for mail order services and retail store services featuring clothing, jewelry, accessories, home furnishings and sporting goods on catalog and retail services featuring clothing.

14. Upon information and belief, virtually all of Holdings' products included the depiction of a personified dog character used as a trademark on the product tags or labels with the name BIG DOGS or BIG DOG SPORTSWEAR therebeneath. The dog character also formed a prominent decorative feature on the products depicted in various poses and involved in different human activities (e.g. jogging or surfing). The wording BIG DOGS alone or with other wording was sometimes also presented on the product in conjunction with the dog character. Sample pages from one of Holdings' catalogs evidencing the manner in which the marks BIG DOGS and BIG DOG SPORTSWEAR were used is attached hereto as Exhibit 2.

15. At that time, Holdings was not the only other party using some form of the wording BIG DOG in commerce. The wording BIG DOG alone or in conjunction with other letters or wording was used and/or registered by other parties for a variety of goods and services ranging from frankfurters to casino services to distributorship services in the field of automobile stereo and radio equipment. In addition, the term BIG DOG was a commonly used term in the English language serving as slang for one who is superior or at the top of his or her game or field.

16. In or around April of 1996, Motorcycles filed a trademark application for registration of the mark BIG DOG for motorcycle products and related services in the European Community Trademark Office (Serial No. 84210). Around that same time, Holdings asserted for the first time that Motorcycles' use of the marks BIG DOG and BIG DOG MOTORCYCLES in conjunction with motorcycles also constituted trademark infringement and unfair competition. Holdings also threatened to file an opposition against Motorcycles' application for registration of the trademark BIG DOG for motorcycles, parts, and accessories (Serial No. 74/685,622) and of the service mark BIG DOG for motorcycle sales and customizing services (Serial No. 74/698,908).

17. In or around October of 1996, Motorcycles filed trademark applications for registration of the mark BIG DOG MOTORCYCLES (Serial No.75/189,686 ) and the BIG DOG MOTORCYCLES logo (Serial No.75/189,926) for motorcycles in the United States.

18. On or about November 12, 1996, Motorcycles filed a declaratory judgment action in the United States District Court for the District of Kansas (Case No. 96-2494-JWL) seeking a finding, in part, that its use of certain trademarks and service marks, namely BIG DOG, BIG DOG MOTORCYCLES, BIG DOG SERVICE CENTER and the BIG DOG MOTORCYCLES logo (hereinafter the "Motorcycles Marks") in conjunction with the sale of motorcycles, motorcycle parts and related promotional products including apparel, did not infringe upon or otherwise interfere with the rights of Holdings or its related company Big Dog USA, Inc. (hereinafter the "Kansas Action").

19. On or about November 20, 1996, Holdings and its related company Big Dog USA, Inc. filed a Complaint in the United States District Court for the Central District of California (Case No. 96-8139JSL(Anx)) alleging, in part, that Motorcycles' use of the

Motorcycle Marks constituted trademark infringement, false designation of origin, unfair competition, dilution, and/or misappropriation (hereinafter the "California Action").

**Trademark Litigation Settlement Agreement and License Agreement**

20. On or about September 19, 1997, Motorcycles, Holdings and Big Dog USA, Inc. entered into a settlement agreement (hereinafter the "Settlement Agreement"). A copy of the Settlement Agreement is attached hereto as Exhibit 3. Pursuant to the Settlement Agreement, the parties dismissed the Kansas Action and the California Action.

21. Pursuant to the Settlement Agreement, Motorcycles agreed to assign all right, title and interest in the Motorcycle Marks to Holdings in exchange for an exclusive, perpetual license to use the Motorcycle Marks in connection with motorcycle products and/or services, marketing materials, business materials, promotional products and apparel. A true and correct copy of the License Agreement is incorporated in the Settlement Agreement as Exhibit B (which is therefore Exhibit 3(B) to this Complaint).

22. The Settlement Agreement recognized that the assignment of marks to Holdings was dependent upon the license granted to Motorcycles. If the license was terminated at any time by either party and regardless of cause in the future, any and all common law rights that Motorcycles had in the marks at the time of the settlement and the goodwill associated therewith would revert back to Motorcycles. Settlement Agreement §§ IV(A) and IV(B); Exhibit 3 at p.6. Furthermore, Holdings executed a Conditional Reversion and Assignment contemporaneous with the execution of the Settlement Agreement indicating that all rights of Motorcycles prior to the assignment to Holdings would immediately revert back and be assigned to Motorcycles upon termination of the license for any reason. Conditional Reversion and Assignment; Exh. 3(D) to this Complaint.

23. Motorcycles has grown steadily since entering into the Settlement Agreement, becoming one of the largest selling American motorcycle companies and is now considered the leading "premium cruiser motorcycle company" in the United States. Motorcycles' products are high-end performance motorcycles primarily sold through a network of motorcycle dealerships who market to experienced and relatively sophisticated motorcycle enthusiasts. A number of these dealerships have more recently become "branded dealers" which means that they use the BIG DOG MOTORCYCLES name in their store name and focus more exclusively on selling the BIG DOG MOTORCYCLES brand of products.

24. Motorcycles also sells motorcycle parts and accessories, as well as a variety of promotional products commonly employed in the motorcycle industry including apparel and collectable items with the BIG DOG MOTORCYCLES brand name thereon. These products are sold exclusively through motorcycle dealerships, at Motorcycles' showroom in Wichita Kansas, on Motorcycles' Web site and via other motorcycle channels of trade. Depictions of Motorcycles' current products and the manner in which the BIG DOG MOTORCYCLES mark is being currently used are attached hereto as Exhibit 4.

**Holdings' Termination Of The License Agreement**

25. In or around October 2002, Holdings and Motorcycles began having disputes regarding the License Agreement. Motorcycles asserted that Holdings was unreasonably withholding approval of certain apparel products and otherwise violating the provisions of the License Agreement. Holdings asserted that Motorcycles had violated certain approval requirements of the License Agreement and of selling products outside the scope of the license. While portions of that dispute have been settled, the parties are currently involved in a lawsuit brought by Motorcycles in the United States District Court for the Central District of California

(Case No. 04-4701) directed to the parties' respective claims regarding breach of the License Agreement.

26.     On August 16, 2004, Holdings sent notice to Motorcycles that Holdings was unilaterally terminating the License Agreement effective immediately. Holdings demanded that Motorcycles and its dealers immediately cease using the trademarks BIG DOG and BIG DOG MOTORCYCLES on clothing, motorcycles, retail services and "anything else."

27.     Upon termination of the License Agreement, any and all common law rights of Motorcycles in the mark BIG DOG MOTORCYCLES revert back to Motorcycles. Settlement Agreement §§ IV(A) and IV(B); Exh. 3 at p. 6. Holdings does not retain any rights in the mark BIG DOG MOTORCYCLES because the intention and wording of the Settlement Agreement was for the parties to be in essentially the same position *vis a vis* their trademark rights as they were at the time the Settlement Agreement was entered into in 1997. Settlement Agreement §§ IV(A) and IV(B); Exh. 3 at p. 6. Thus, the only basis for Holdings' demands that Motorcycles cease using the mark BIG DOG MOTORCYCLES lies in Holdings' original allegations that Motorcycles use of the BIG DOG MOTORCYCLES mark infringes upon Holdings' rights in the marks BIG DOGS and BIG DOG SPORTSWEAR.

28.     Given the serious nature of Holdings allegations of infringement and the significant impact that Holdings demand to cease using the mark BIG DOG MOTORCYCLES would have on Motorcycles, its dealers, and brand loyal customers, Motorcycles is seeking a declaration of this Court that it is entitled to continue to use the mark BIG DOG MOTORCYCLES in conjunction with its business. In view of the overall differences between the parties' respective trademarks, the manner in which those trademarks are actually used in commerce, the differences in the trade channels, the differences in the type and appearance of the

products, the relative sophistication of the parties' customers and the relative weakness of the term BIG DOG generally, there is no likelihood of consumer confusion and therefore no infringement.

### COUNT I – REQUEST FOR DECLARATION OF TRADEMARK NON-INFRINGEMENT

29.     Motorcycles realleges each and every allegation set forth in paragraphs 1-28 hereof and incorporates the same herein by reference.

30.     Motorcycles' use of the mark BIG DOG MOTORCYCLES in conjunction with the sale and distribution of motorcycles, motorcycle parts, accessories, promotional products (including apparel and collectibles) and related services is not likely to cause confusion, mistake, or deception as to the source of origin of these goods and services in that the public and others are not likely to believe that plaintiff's goods or services are provided by, affiliated with, or otherwise connected to Holdings.

31.     Motorcycles use of the marks BIG DOG MOTORCYCLES in conjunction with the sale and distribution of motorcycles, motorcycle parts, accessories (including promotional clothing sold therewith) and related services does not constitute infringement upon any valid trademark or service mark rights of Holdings.

32.     As detailed above, Motorcycles and Holdings are involved in an actual controversy regarding the parties rights and obligations under federal law.

33.     Entry of the declaratory and injunctive relief sought herein will terminate the controversy over the respective rights of the parties following the termination of the License Agreement and will afford the parties relief from the uncertainty, insecurity and controversy giving rise to this proceeding.

### COUNT II – REQUEST FOR DECLARATION OF NO UNFAIR COMPETITION

34.  Motorcycles realleges each and every allegation set forth in paragraphs 1-33 hereof and incorporates the same herein be reference.

35.  Motorcycles' use of the mark BIG DOG MOTORCYCLES in conjunction with the sale and distribution of motorcycles, motorcycle parts, accessories, promotional products (including apparel and collectible items) and related services does not constitute unfair competition with Holdings.

36.  As detailed above, Motorcycles and Holdings are involved in an actual controversy regarding the parties rights and obligations under the law.

37.  Entry of the declaratory and injunctive relief sought herein will terminate the controversy over the respective rights of the parties following the termination of the License Agreement and will afford the parties relief from the uncertainty, insecurity and controversy giving rise to this proceeding.

WHEREFORE, Motorcycles respectfully requests that the Court enter judgment:

a.  Declaring that Motorcycles' use of the mark BIG DOG MOTORCYCLES in conjunction with motorcycles, motorcycle parts, accessories, promotional products (including apparel and collectibles) and related services does not constitute trademark infringement upon any valid trademark or service mark rights of Holdings;

b.  Declaring that Motorcycles' use of the mark BIG DOG MOTORCYCLES in conjunction with motorcycles, motorcycle parts, accessories, promotional products (including apparel and collectibles) does not constitute unfair competition with Holdings;

c.  Enjoining defendant Holdings, its agents, affiliates, employees, attorneys, and those persons acting in concert or participating with them from objecting to Motorcycles' or Motorcycles' dealers use of the mark BIG DOG MOTORCYCLES in conjunction with

motorcycles, motorcycle parts, accessories, promotional products (including apparel and collectibles), and related services;

    d.    Assessing the costs of this action against Holdings and awarding to Motorcycles its reasonable attorneys fees in prosecuting this action under the provisions of 15 U.S.C. § 1117; and

    e.    Granting such other and further relief as the Court deems just and proper.

## DESIGNATION OF PLACE OF TRIAL

Motorcycles designates Kansas City, Kansas as the place of trial in this action.

## REQUEST FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Motorcycles requests trial by jury in this action on all issues so triable.

Respectfully submitted,

STINSON MORRISON HECKER LLP

By: *David Everson* (signature)

David Everson    D. Kan # 70269
Bradley A. Bodamer    Kansas #11468
Marc D. McKay    D. Kan. # 77906
1201 Walnut Street
Kansas City, MO 64106
(816) 691-3342 telephone
(816) 691-3495 facsimile
deverson@stinsonmoheck.com
mmckay@stinsonmoheck.com

ATTORNEYS FOR BIG DOG MOTORCYCLES