IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BIG DOG MOTORCYCLES, L.L.C.,

      **Plaintiff,**

v.                                                                    Case No. 04-2419-JWL

BIG DOG HOLDINGS, INC.,

      **Defendant.**

_____

**MEMORANDUM AND ORDER**

This is a declaratory judgment action involving claims for trademark infringement and unfair competition. Plaintiff Big Dog Motorcycles, L.L.C. (Motorcycles) seeks a declaratory judgment that its use of the mark "Big Dog Motorycles" in conjunction with the sale of motorcycles, motorcycle parts and accessories, promotional products (including apparel and collectibles), and related services does not infringe upon defendant Big Dog Holdings' (Holdings) marks, or otherwise constitute unfair competition under the Lanham Act. This matter is before the court on Motorcycles' motion to strike Holdings' jury demand (Doc. 80). For the reasons explained below, the court will grant this motion.

This court has previously discussed the history of litigation between the parties in a prior Memorandum and Order. *See generally Big Dog Motorcycles, L.L.C. v. Big Dog Holdings, Inc.*, 351 F. Supp. 2d 1188 (D. Kan. 2005). Their litigation history is pertinent but lengthy, and therefore the court will not reiterate it here but rather will presume familiarity with the facts discussed in the prior Memorandum and Order. Briefly summarized, on June 28,

2004, Holdings filed a lawsuit against Motorcycles in the United States District Court for the Central District of California arising from the parties' disputes surrounding a prior settlement agreement between them. On September 3, 2004, Motorcycles filed this lawsuit seeking a declaratory judgment that its use of the mark Big Dog Motorcycles does not infringe Holdings' trademarks or otherwise constitute unfair competition. More than three months later, Holdings filed its first amended counterclaim in the California lawsuit in which it alleged that Motorcycles' use of the mark *does* infringe Holdings' trademarks and constitute unfair competition. In contrast to this case in which Motorcycles seeks only a declaratory judgment, in the California lawsuit Holdings seeks a declaratory judgment as well as injunctive relief and damages.

Since the time of the court's prior Memorandum and Order addressing the interplay between the California lawsuit and this case, on May 13, 2005, the district court in California issued a written order in which it stayed Holdings' second, third, and fourth counterclaims in the California action without prejudice to Holdings asserting those counterclaims in this lawsuit. The California court's ruling was predicated, just as was this court's prior Memorandum and Order, on the fact that aspects of those claims in the California lawsuit are mirror-image actions of this case and the first-to-file rule requires those claims to be resolved here first. Holdings, however, has not elected to assert those related claims here. Thus, both cases involve similar issues relating to the parties' rights in the marks. They are different, however, for purposes of determining the parties' right to a jury trial because this is a declaratory judgment action whereas the California lawsuit also involves damage claims.

Motorcycles now asks the court to strike Holdings' demand for a jury trial because the only issue before this court—a case in which Motorcycles seeks declaratory relief on trademark infringement and unfair competition—is equitable in nature. Holdings does not contend that it is entitled to a jury trial based on the nature of the claims before this court. Rather, Holdings contends that this court's resolution of Motorcycles' claim for declaratory relief necessarily resolves the issue of trademark infringement and thereby affects Holdings' claims for monetary relief in the California lawsuit. Thus, Holdings contends that this court should allow a jury to resolve the claims presented in this lawsuit because they will impact resolution of Holdings' legal claims in the California lawsuit.

The Seventh Amendment preserves the right to a jury trial for "suits at common law, where the value in controversy shall exceed twenty dollars." U.S. Const. amend. VII. This requires a jury trial with respect to all suits where legal rights are involved. *Bowdry v. United Airlines, Inc.*, 58 F.3d 1483, 1489 (10th Cir. 1995). There is no right to a jury trial, however, for actions which involve only equitable rights or which traditionally arose in equity. *Id.* Thus, the court must determine whether the "action involves rights and remedies of the sort traditionally enforced in an action at law, rather than an action in equity." *Mile High Indus. v. Cohen*, 222 F.3d 845, 856 (10th Cir. 2000) (further quotation omitted). The damages or accounting aspect of a trademark infringement action is considered to be a legal action for purposes of determining the right to a jury trial. *See Tandy Corp. v. Malone & Hyde, Inc.*, 769 F.2d 362, 364 (6th Cir. 1985); *Hall Publications, Inc. v. Stauffer Commc'ns, Inc.*, Case No. 92-4253-SAC, 1993 WL 62430, at *2 (D. Kan. Feb. 12, 1993) (noting that "courts have

3

recognized a Seventh Amendment right to a jury trial whenever damages are among the relief sought on the trademark claim" (collecting and citing cases)).  Absent such a damage claim, however, the right to a jury trial is not triggered in a trademark case in which the plaintiff seeks only equitable relief such as an injunction and/or a declaratory judgment.  *See Kemp v. Tyson Foods, Inc.*, Case No. 5-96-173, 2001 WL 1636512, at *1-*2 (D. Minn. Nov. 19, 2001) (striking jury demand after claim for damages on trademark infringement was withdrawn because only equitable claims remained); *Partecipazioni Bulgari, S.p.A. v. Meige*, Case No. 86-2516, 1988 WL 113346, at *3 (S.D. Fla. May 23, 1988) (same); *Anti-Monopoly, Inc. v. General Mills Fun Group, Inc.*, Case No. C 74-0529, 1976 WL 20999 (N.D. Cal. Oct. 15, 1976) (same, denying the plaintiff's demand for a jury trial); *cf. Manning v. United States*, 146 F.3d 808, 812 (10th Cir. 1998) (district court did not err in striking jury demand as to declaratory judgment claims where plaintiff did not request monetary damages); *Tandy Corp.*, 769 F.2d at 364 (noting the pervasive equity background of trademark law).

In this case, then, Holdings clearly is not entitled to a jury trial on the basis of the claims asserted in this case, which are purely equitable in nature inasmuch as the relief sought by Motorcycles is limited to a declaratory judgment.  Indeed, Holdings does not suggest to the contrary.  Rather, Holdings' argument is predicated solely on the fact that the outcome of this case may impact its legal claims in the California lawsuit.  Holdings, however, has failed to cite any case law to support the argument that factually related legal claims asserted in that lawsuit can trigger the right to a jury trial in this lawsuit.  In fact, this proposition is contrary to precedent from both the Supreme Court and the Tenth Circuit.  The holding of the seminal

4

Supreme Court case of *Beacon Theatres v. Westover*, 359 U.S. 500 (1958), is that "when legal and equitable claims *are joined in the same action*, the trial judge has only limited discretion in determining the sequence of the trial and 'that discretion . . . must, wherever possible, be exercised to preserve jury trial.'" *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 334 (1979) (emphasis added) (quoting *Beacon Theatres*, 359 U.S. at 510). The Tenth Circuit has likewise stated that "when a plaintiff brings both legal and equitable claims *in the same action*, the Seventh Amendment right to jury trial on the legal claims must be preserved by trying those claims first (or at least simultaneously with the equitable claims), and the jury's findings on any common questions of fact must be applied when the court decides the equitable claims." *Colorado Visionary Academy v. Medtronic, Inc.*, 397 F.3d 867, 875 (10th Cir. 2005) (emphasis added). Thus, a jury trial is not warranted unless the legal and equitable claims are asserted in the same case. Here, although the California court granted Holdings leave to assert its legal counterclaims in this court, it has chosen not to do so. To give Holdings a jury trial under these circumstances would be contrary to precedent which the court obviously is not at liberty to disregard. Accordingly, the court finds Holdings' argument to be without merit. *Cf. Partecipazioni Bulgari, S.p.A.*, 1988 WL 113346, at *4 (finding the defendants' argument that the plaintiffs might be able to use a decision in the non-jury case as collateral estoppel in a later action to be misplaced because the principles of *Beacon Theatres* only apply to legal and equitable claims joined in the same action). The court will therefore grant Motorcycles' request to strike Holdings' jury demand.

**IT IS THEREFORE ORDERED BY THE COURT** that Big Dog Motorcycles, L.L.C.'s Motion to Strike Jury Demand of Big Dog Holdings, Inc. (Doc. 80) is granted.

**IT IS SO ORDERED** this 30th day of November, 2005.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge